UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH P. CHRISTUNAS,

                Petitioner,

                                      CRIMINAL CASE NO. 92-80338-1
v.                                      CIVIL CASE NO. 97-40162

UNITED STATES OF AMERICA,

                                      HONORABLE PAUL V. GADOLA
                Respondent.       U.S. DISTRICT COURT
_____/

## ORDER

Before the Court is Petitioner's request to reopen his habeas corpus petition brought pursuant to 28 U.S.C. § 2255. For the reasons below, the Court will grant Petitioner's request to reopen his habeas corpus petition and will grant Petitioner habeas corpus relief.

**I.  Background**

The procedural history of this case is lengthy and complex, and the following is only a short summary of the relevant events. In April 1993, following a jury trial, Petitioner Kenneth Christunas was found guilty of several drug-related charges. Petitioner was sentenced for his convictions in December 1993. The United States Court of Appeals for the Sixth Circuit later upheld the convictions and sentences. *United States v. Micou*, 48 F.3d 1220 (6th Cir. 1995). The United States Supreme Court subsequently denied a petition for writ of certiorari. *Christunas v. United States*, 516 U.S. 864 (1995).

On April 28, 1997, Petitioner Christunas filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. This Court initially denied the petition in January 1998. In June 1998, the Court entered an order partially reinstating the petition. Following this order, the petition was also amended and

an evidentiary hearing was held. In August 1999, this Court denied Petitioner's reinstated claims.

In April 2000, Petitioner filed a motion requesting that the Court reopen the record based upon newly discovered evidence. After the request was denied without prejudice, Petitioner filed a renewed motion to reopen the record in November 2000. In this renewed motion, Petitioner argued that there was newly discovered evidence suggesting that Petitioner's trial counsel, Mr. Deday LaRene, was operating under a conflict of interest during Petitioner's trial and sentencing, resulting in ineffective assistance of counsel. This newly discovered evidence suggesting a conflict of interest arose from discovery occurring in a different habeas corpus case entitled *United States v. Rugiero*, (Criminal Case No. 90-80941, Civil Case No. 96-40376), a case in which LaRene had also been the trial counsel for the defendant. The conflict of interest stemmed from the fact that LaRene was under indictment and criminal investigation by the same United States Attorney's Office that was prosecuting LaRene's clients, the defendant Rugiero and Petitioner Christunas. Based on this conflict of interest, the defendant Rugiero moved for habeas corpus relief in his own case due to ineffective assistance of counsel. Since discovery in the *Rugiero* case was ongoing, Petitioner Christunas in the current case requested that his motion to reopen be held in abeyance until the conclusion of discovery proceedings and a resolution of the conflict of interest claim in the *Rugiero* case. This Court proceeded to hold Petitioner's motion in abeyance and to keep Petitioner's case open.

In December 2002, the Court ordered the *Christunas* parties to file supplemental briefs on the status of the case. Supplemental briefs were filed by both parties. The Court took no action at that time due to the fact that discovery in the *Rugiero* case was still ongoing. It should also be noted that Petitioner's access to the discovery materials in the *Rugiero* case was limited due to a protective

order in the *Rugiero* case.

On July 20, 2004, a status conference was held between the parties and the Court. Pursuant to that conference, the Court issued an order extending the *Rugiero* protective order to include the parties in the instant *Christunas* case. This was done in order to permit the *Christunas* parties access to the *Rugiero* discovery materials. The Court also scheduled dates for completing discovery and for the filing of additional supplemental briefs in the *Christunas* case. Subsequently, the *Christunas* parties filed supplemental briefs addressing the issues that remained outstanding in this case. Currently, the Court has not ruled on Petitioner's request to reopen his habeas corpus petition. It is this request to reopen which the Court now resolves.

**II.    Analysis**

    **A.    Petitioner's Request to Reopen the Habeas Corpus Petition**

Through his November 2000 motion and many subsequent supplemental briefs, Petitioner Kenneth Christunas requests that he be permitted to pursue his habeas corpus petition, and that the petition be granted due to the ineffective assistance of counsel suffered by Petitioner Christunas. Petitioner argues that he experienced ineffective assistance of counsel because of the significant conflict of interest of his trial counsel, Mr. Deday LaRene. In support, Petitioner argues that the facts of the current case are very similar, and almost identical, to those in the *Rugiero* case. In *Rugiero*, this Court granted habeas corpus relief to the defendant Patrick Rugiero, after finding that Rugiero had suffered from ineffective assistance of counsel due to the conflict of interest of his legal counsel, Mr. Deday LaRene. Accordingly, Petitioner Christunas argues that he is entitled to habeas corpus relief for the same reasons the Court found that the defendant Rugiero was entitled to habeas corpus relief.

3

In opposition, the Government argues that Petitioner Christunas's request to reopen should be denied because Petitioner is attempting to expand the scope of the case far beyond what this Court originally intended in its orders issued back in 1999. The Government also argues that Petitioner Christunas should have raised this argument years ago, and that the Government is now prejudiced due to the passage of time.

The Court disagrees with the Government's position and will permit Petitioner Christunas to proceed on his habeas corpus petition. Petitioner's arguments rest on evidence revealed during the discovery proceedings in the *Rugiero* case regarding the full extent of the Government's criminal investigations of LaRene. This evidence was unknown at the time of this Court's orders back in 1999. Additionally, since 1999, this Court has considered and resolved another conflict of interest claim involving LaRene in the *Rugiero* case, which is very similar to the claim in the present *Christunas* case. Moreover, in the interests of justice, the Court will permit Petitioner to proceed with his habeas corpus petition. For several years, this Court has kept Petitioner's case open and has not issued a judgment because of the ongoing events in the similar *Rugiero* case. Now that the *Rugiero* case has been finally resolved, it is proper for the Court to consider the circumstances of the current *Christunas* case. Accordingly, the Court will grant Petitioner Christunas's request to reopen his habeas corpus petition and will consider Petitioner's argument that he suffered from ineffective assistance of counsel due to the conflict of interest of his trial counsel, Mr. Deday LaRene.

### B. Petitioner's Habeas Corpus Petition

The Court has closely considered the relevant filings on the docket and reviewed the arguments presented by both sides concerning the merits of the habeas corpus petition. For the

reasons set out below, the Court finds that Petitioner Christunas's position is compelling, and thus, the Court grants Petitioner's request for habeas corpus relief.

A criminal defendant has a right to counsel pursuant to the Sixth Amendment of the United States Constitution. *See* U.S. Const. amend VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Petitioner argues that he did not have effective assistance of counsel because his trial counsel, Mr. LaRene, had a personal conflict of interest.

> It is well settled that when a concurrent representation conflict is at issue, the applicable legal standard is not the traditional ineffective-assistance-of-counsel standard set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), which requires a showing of prejudice (i.e., reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different); rather, it is the petitioner-favorable standard set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980), under which prejudice is presumed and the petitioner need only show that there was an actual conflict that adversely affected his counsel's performance.

*Rugiero v. United States*, 330 F. Supp. 2d 900, 905 (E.D. Mich. 2004) (Gadola, J.). For the same reasoning applied by this Court in the *Rugiero* case, the Court finds that the *Cuyler* standard, and not the *Strickland* standard, is applicable here. *Id.* at 905-06. "Under *Cuyler*, prejudice is presumed, and the petitioner (1) must show that his counsel had an actual conflict of interest and then (2) must establish that the conflict adversely affected his counsel performance in representing him." *Id.* at 906 (citing *Cuyler*, 446 U.S. at 349-50; *Tyler v. United States*, 78 F. Supp. 2d 626, 632 (E.D. Mich. 1999) (Gadola, J.)).

In the instant case, there is no question that LaRene operated under an actual conflict of interest during the time he represented Petitioner Christunas. During his legal representation of Petitioner, LaRene was being investigated and prosecuted by the same United States Attorney's

Office that was prosecuting Petitioner. *See* Mag. J. Pepe's Rep. & Recom., *Rugiero v. United States*, Case No. 90-80941, pp.2-12 (Apr. 30, 2004, docket entry #481) (discussing the details of LaRene's criminal investigations including that of IRS Special Agent Frank Scartozzi). On December 22, 1993, a short time after Petitioner's sentencing, LaRene pleaded guilty to various conspiracy and tax charges. Furthermore, the Court finds that this actual conflict of interest adversely affected LaRene's legal representation of Petitioner for the following reasons.

First, Petitioner was adversely affected by LaRene's decision to forego plea negotiations on behalf of Petitioner. As this Court similarly found in the *Rugiero* case, facilitating a plea for Petitioner was contrary to LaRene's personal interests. *See Rugiero*, 330 F. Supp. 2d at 907. Plea negotiations with Petitioner Christunas would have uncovered additional tax violations by LaRene for which he was being investigated. LaRene had an interest in keeping Petitioner isolated from the Government. Moreover, LaRene had an interest in keeping Petitioner's case open as long as possible. Delaying Petitioner's case would delay LaRene's own plea and sentencing, extending LaRene's freedom and ability to practice law and receive legal fees.

Petitioner was also adversely affected by LaRene's failure to pursue the defense of Petitioner's withdrawal from the conspiracy and by LaRene's failure to timely request bifurcated proceedings. LaRene's failure to pursue these legal avenues, avenues which may have helped Petitioner, can be explained by LaRene's distraction and a desire to avoid alienating and angering the Government. *See Rugiero*, 330 F. Supp. 2d at 908 (finding that LaRene failed to zealously defend the interests of the defendant Rugiero in an effort to curry favor with the Government). Pursuing a withdrawal defense at the pretrial stage also could have lead to plea negotiations with the Government, which LaRene had an interest in avoiding. In addition, though LaRene requested

6

bifurcated proceedings in the middle of Petitioner's trial, this request was untimely and should have been made prior to trial.

Furthermore, Petitioner was adversely affected by the loss of Petitioner's property rights subject to forfeiture. Petitioner is correct in observing that there were many problems with the Government's claims of forfeiture as to Petitioner's property. *See* Pet.'s Suppl. Br., pp.35-36 (Nov. 4, 2004, docket entry #759). LaRene failed to raise any arguments with respect to this issue, either because of distraction or because of a desire to avoid alienating the Government. Therefore, Petitioner suffered a loss of his property rights because of LaRene's failure to act as a zealous advocate.

The Government argues in opposition that Petitioner Christunas waived any conflict of interest by signing a waiver. The Court disagrees. Petitioner did sign a waiver of conflict of interest with respect to LaRene's indictment on January 21, 1993. This waiver, however, did not sufficiently address the entire conflict of interest under which LaRene operated during his legal representation of Petitioner. When Petitioner signed the waiver, he did not have full and complete knowledge of the nature of the Government's charges or criminal investigations against LaRene. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Here, Petitioner did not have sufficient awareness of all the circumstances of the criminal investigations against LaRene, nor did Petitioner have sufficient awareness of the likely consequences of these investigations. In fact, the extent of the criminal investigations against LaRene were only revealed years later, during the discovery proceedings of the *Rugiero* habeas corpus case. Since Petitioner was never fully informed of the extent of LaRene's

7

conflict of interest, Petitioner's waiver was ineffective.

Accordingly, after having considered the parties' arguments and the evidence revealed during the course of the *Rugiero* case regarding the full extent of the charges and criminal investigations against LaRene, the Court concludes that Petitioner is entitled to habeas corpus relief due to ineffective assistance of counsel. LaRene operated under an extensive actual conflict of interest during the time he represented Petitioner. This actual conflict of interest adversely affected LaRene's performance as LaRene failed, in several ways, to provide zealous legal representation to Petitioner.

In granting Petitioner habeas corpus relief, the Court concludes that the appropriate remedy is a new trial. *See* 28 U.S.C. § 2255; *Warner v. United States*, 975 F.2d 1207, 1214-15 (6th Cir. 1992). The same reasoning from the *Rugiero* case can be applied in this case: "Here, conflicted counsel denied Petitioner a fair trial, and the appropriate remedy is a new trial free from the taint which plagued the initial trial." *Rugiero*, 330 F. Supp. 2d at 909. As this Court has stated previously:

> the principle of adequate legal representation is fundamental to our system of justice. When the Constitutional right to legal assistance is violated, the prejudicial effects that follow from the violation should be vacated, set aside, or corrected. *See* 28 U.S.C. § 2255. Vacating and setting aside Petitioner's conviction here is not a punishment of society for the inadequacies of a lawyer but an attempt to redress unfair treatment of the accused. As the Supreme Court stated in *Brady v. Maryland*,
>
>> Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts."
>
> 373 U.S. 83, 87, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963). While it may be popular

> for detractors to criticize the courts for granting relief based on apparent "technicalities," defenders of our system of justice know that the rights guaranteed by the Constitution are never mere technicalities. Here, upholding those rights requires vacating Petitioner's conviction and granting him a new trial.

*Rugiero v. United States*, 330 F. Supp. 2d at 909-10; *Tyler*, 78 F. Supp. 2d at 633.

### III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's request to reopen the petition [docket entry #739] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2255 is **GRANTED**. Petitioner's conviction and sentence are **VACATED and SET ASIDE**, and a **NEW TRIAL** is ordered.

Because the Court hereby grants Petitioner's 2255 motion, Petitioner's motion for bond pending final disposition of the 2255 motion is now moot. The Court also notes that Petitioner has filed several other motions, including a motion requesting relief of the monetary judgment. Due to the length of time this case has taken to be resolved and the change of circumstances created by this current order granting habeas corpus relief, Petitioner's remaining motions may be moot or outdated. For the sake of docket efficiency, the Court will deny Petitioner's remaining motions without prejudice and permit Petitioner to refile whatever motions may be appropriate under the circumstances.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for bail [docket entry #763], motion to appoint counsel [docket entry #764], motion to set aside judgment [docket entry #767], motion to amend [docket entry #768], motion to expedite ruling [docket entry #769], motion to expedite request [docket entry #770], and motion for show cause [docket entry #772], are

**DENIED WITHOUT PREJUDICE**.

  **IT IS FURTHER ORDERED** that Petitioner may file any other motion that is appropriate under the circumstances.

  **SO ORDERED.**

Dated:  January 31, 2008           s/Paul V. Gadola
                      HONORABLE PAUL V. GADOLA
                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  January 31, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Robert P. Cares; Carole M. Stanyar      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Kenneth P. Christunas   .

                 s/Ruth A. Brissaud
                 Ruth A. Brissaud, Case Manager
                 (810) 341-7845